No. 20601.

HAROLD J. MILLER *v.*
THE FIRST NATIONAL BANK OF ENGLEWOOD, ET AL.
(399 P.2d 99)

Decided February 15, 1965.

H. D. REED, for plaintiff in error.

RICHARD H. SIMON, for defendant in error The First National Bank of Englewood.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THE First National Bank of Englewood, hereinafter referred to as the Bank, brought an action under Rule 105, R.C.P. Colo., to quiet title in and to certain described property situate in Jefferson County and named Harold J. Miller as one of the parties defendant.

By answer Miller denied all allegations in the complaint and averred that he did have an interest in the subject property which arose from his recordation of an unpaid judgment in the amount of $25,106.36 against the Englewood Club Montagnard, a Colorado corporation which was, as of that time, the record owner of the property in question.

Thereafter Miller filed a motion for the production by the Bank of certain documents, specifically "all documents, papers, agreements, deed, letters, memoranda or

other documents relating to the purchase of the subject real estate . . . . by the plaintiff." The Bank resisted this motion to produce and upon hearing the trial court denied the motion.

The Bank then filed a motion to strike the answer of Miller and to grant it summary judgment against Miller "on the ground that there is no defense to this action." In support of this motion the Bank submitted the affidavit of one of its vice-presidents, Earle L. Reed, who deposed and stated that the treasurer of Jefferson County issued a treasurer's deed whereby the subject property was conveyed to one Carl R. Smith, and that Smith in turn conveyed by quitclaim deed all of his right, title and interest in said property to the Bank.

Within two days after the Bank had filed the aforementioned motion, Miller served notice on the Bank of his intention to take the deposition upon oral examination of the said Earle L. Reed. This particular discovery effort on the part of Miller was also resisted by the Bank, which promptly filed a motion to vacate the notice to take the deposition of Reed on the ground that "there would be a patent lack of relevancy in the information elicited" from its affiant. The record additionally discloses that in any event Reed was temporarily out-of-town and not immediately available for deposition purposes.

It was at this juncture that the Bank's motion to strike and for summary judgment came on for hearing, with Miller vainly protesting in a variety of ways that the matter should be deferred until he could use the discovery devices provided for by the Colorado Rules of Civil Procedure. Specifically, both by a written motion and by affidavit and also in oral argument Miller advised the trial court of the need to take the deposition of Reed for discovery purposes and also that of one Fritsinger, and of his inability to take either deposition because Reed was out-of-town and also because counsel for Miller be-

came ill, requiring hospitalization, and was therefore unable to take the deposition of Fritsinger. For all these reasons Miller requested that the hearing on the Bank's motion be deferred for a reasonable period of time to "permit the completion of said discovery proceedings." By the affidavit the trial court was also informed that under Miller's "theory of the case" the Bank had no "capacity to acquire title," that the issuance of a treasurer's deed was a device to bar the rights of several lien claimants to the property, including Miller, and that the Bank held the property in trust for the principal lienholder, one Winslow.

The trial court declined to postpone the hearing on the Bank's motion and, after argument, granted the motion in its entirety, i.e., it struck Miller's answer and entered a summary judgment in favor of the Bank and against Miller. By writ of error Miller now seeks reversal of this judgment.

Rule 56 (f), R.C.P. Colo., reads as follows:

"(f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just."

The foregoing chronology demonstrates quite clearly that the trial court abused its discretion in refusing to grant Miller a reasonable continuance to permit utilization of the discovery procedures provided by the Rules of Civil Procedure and that it was precipitous and premature in granting the Bank's motion for summary judgment.

The judgment is reversed and the cause remanded with directions to the trial court to grant Miller the opportunity to take depositions and to file an amended

answer, with the issues thus raised to be resolved in a manner consonant with the Rules of Civil Procedure.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY concur.