**Jeanise PARKER, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, COLORADO, Defendant.**

No. 99–K–1826.

United States District Court, D. Colorado.

Jan. 9, 2000.

Charles E. Kline, Tim Dowling, Kline & Associates, LLC, Longmont, CO, for plaintiff.

Timothy P. Schimberg, Brian E. Widmann, Fowler, Schimberg & Flanagan, P.C., Denver, CO, for defendant.

**ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE TO STATE COURT**

KANE, Senior District Judge.

Plaintiff and her spouse are both former employees of Park County, Colorado (the "County"). The County terminated the employment of each in the Spring of 1998. Plaintiff's spouse was fired first, and Plaintiff claims her termination the following

month was not for cause as the County asserted, but was based solely on the County's dispute with her husband. Because the Park County Employee Personnel Policy Manual proscribes the retaliatory discharge of employees, Plaintiff claims her termination was wrongful.

Plaintiff originally filed suit in state court, asserting ten claims for relief. In addition to state law claims for wrongful discharge, breach of employment contract, promissory estoppel, and intentional infliction of emotional distress, Plaintiff also asserted three federal claims under 42 U.S.C. § 1983 for deprivation of otherwise undefined "property," "liberty" and "due process" rights. *See* Second Amended Compl., Claims IV, V and VI. On the basis of these federal claims, the County removed the action to federal court. Notice of Removal (filed 9/16/99). The County then filed a Rule 12(b)(6) Motion to Dismiss.

Presumably to preserve removal jurisdiction, the County's Motion sought only the dismissal of Plaintiff's state law claims. The federal Claims IV, V and VI were unchallenged. I reviewed them in the context of the County's Motion, and found them wholly lacking under a Rule 8(a)(2) standard in showing any entitlement to relief. Plaintiff failed not only to assert a cognizable constitutional theory of relief, but failed even to identify any source, constitutional or otherwise, of the "civil rights" allegedly deprived. Plaintiff does not purport to seek relief under Title VII or any other federal civil rights laws proscribing employment discrimination on the basis of sex, race, age, or disability, or proscribing retaliation based on the exercise of constitutionally or statutorily protected rights. Plaintiff's sole "federal" theory of relief is that the Park County Employee Manual's proscription against retaliatory discharge created an expectation in Plaintiff of continued employment which overrode her otherwise "terminable-at-will" status under Colorado law, and which expectation, moreover, gave rise to protectable "property" and "liberty" interests in her continued employment with the County that could not be abridged without due process of law.

Finding Plaintiff's federal theory of relief dubious at best, I issued an order directing Plaintiff to show cause as to why her federal claims should not be dismissed and why the case, thereafter, should not be remanded to state court. Order to Show Cause (dated 12/15/99). Specifically, I ordered Plaintiff to assert facts and provide legal authority demonstrating that she had some viable property, liberty, or due process rights in her continued employment with the County that are protected by the United States Constitution. *Id.* Plaintiff filed her Response to the Order to Show Cause on December 27, 1999.

I have reviewed Plaintiff's Response, and rule as follows:

1. *Property and Due Process Rights.* Plaintiff contends the proscription against retaliatory discharge in the County's employee handbook created a property interest in her expectation "that she would not be fired as a result of Defendant's dispute with [her] husband," which expectation could not be altered without due process of law. Response at 2–3. Plaintiff does not explain how these allegations give rise to constitutionally protected property rights in her continued employment. Instead, she simply cites *Board Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548, *Ashton v. Civiletti,* 613 F.2d 923 (D.C.Cir.1979), *Adams County School District No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990) and *Holland v. Board of County Comm'rs,* 883 P.2d 500 (Colo.App.1994). While these cases support the general proposition that "rules or mutually explicit understandings" between public employees and their employers may give rise to colorable claims of entitlement under the due process clause, *see Dickey* at 694 (analyzing *Roth* and its progeny), they do not supply the necessary nexus in this case between the County's Employee Manual and the creation of such a claim in Plaintiff under Colorado law.

Even assuming, however, that Colorado law supports the contention that a proscription against retaliatory discharge gives rise, in a non-retaliation case,[1] to an enforceable right to continued employment, Plaintiff's status under Colorado law as a statutorily authorized appointee of a board of county commissioners defeats her federal constitutional claims. In *Erickson v. Board of County Comm'rs*, 801 F.Supp. 414 (D.Colo.1992), Judge Babcock analyzed Colorado law in the area and concluded that local boards of county commissioners cannot, in an employee manual, override the Colorado General Assembly's determination in Colo.Rev.Stat. § 30–11–107(1)(n) that board-appointed county employees serve at the board's pleasure and are therefore terminable at will. 801 F.Supp. at 420. Where "an employee serves at the pleasure of his employer, he has no legitimate claim of entitlement to his continued employment and, therefore, no property interest in his employment." *Id* at 419 (citing *Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir.1992) and granting summary judgment in defendant Delta County's favor on plaintiff's § 1983 substantive and procedural due process claims).

■ I conclude Plaintiff cannot invoke the Park County Employee Manual to supply the "rules or mutually explicit understandings" that would allow her to maintain a § 1983 claim for deprivation of property or due process under *Roth* and its progeny.

■ 2. *Liberty Interest.* Plaintiff claims the "certain actions"[2] offered by the County as the basis for her termination "damage[d] her standing in the community and imposed a stigma upon her that effectively forecloses her freedom to take advantage of other employment opportunities." Second Am.Compl. at ¶ 37. Plaintiff does not allege the County's "false" and "defamatory" allegations have prevented her from securing other employment, or that she has even applied to—and been rejected by—other employers. While the liberty guaranteed by the Fourteenth Amendment extends beyond freedom from bodily restraint. *Roth*, 408 U.S. at 572, 92 S.Ct. 2701, it does not extend as far as Plaintiff contends. "Although any dismissal . . . for whatever reason, may reflect negatively upon a [public employee], this stigma alone is not of a constitutional magnitude." *Bunger v. University of Oklahoma Board of Regents*, 95 F.3d 987, 991 (10th Cir. 1996) (citation omitted). I conclude the allegations set forth in Plaintiff's Second Amended Complaint do not state a claim for a constitutionally cognizable deprivation of her liberty to pursue future employment opportunities.

### *Conclusion.*

What I see before me is a state law employment case involving a dispute between a board of county commissioners appointee and her employer. It is being prosecuted exclusively on the basis of Colorado employment contract law and defended against on the basis of state sovereign immunity and other common law defenses. As presently drafted, Plaintiff's procedural and substantive due process claims fail to state a viable federal claim for relief under the Constitution. The case belongs in state court. While additional facts or allegations may exist that would revive Plaintiff's Fourteenth Amendment liberty interest claim, that claim, in my view, is most properly taken up by the Park County District Court, which is no less qualified than I to resolve it. Accordingly,

---

1. Plaintiff asserts no claim under Title VII or any other federal civil rights statute that she was retaliated against for exercising some federally protected right. She only claims she was retaliated against on the basis of her status as wife of a previously fired County employee.

2. Although Plaintiff's Second Amended Complaint does not explain what these actions were, the Response to the Order to Show Cause suggests Plaintiff was accused of improperly transporting files, documents and other items from her workplace while on administrative leave, which accusations Plaintiff claims were inaccurate and false.

IT IS ORDERED that Claims IV, V and VI in Plaintiff's Second Amended Complaint are DISMISSED and that this case is REMANDED to the State District Court for Park County, Colorado, for all further proceedings.