F I L E D

**UNITED STATES COURT OF APPEALS**

**February 7, 2006**

**TENTH CIRCUIT**

VICTORIA GIANNOLA,

      Plaintiff - Appellant,

v.

ASPEN/PITKIN COUNTY HOUSING
AUTHORITY; STEVE BARWICK,

      Defendants - Appellees.

No. 05-1195
(D.C. No. 03-ES-1305 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, Circuit Judges and **JOHNSON**[**], District Judge.

Plaintiff-Appellant Victoria Giannola appeals from the grant of summary judgment on her wrongful termination claims in favor of Aspen Pitkin County Housing Authority ("Authority") and Steve Barwick, the Aspen City Manager (collectively "Defendants"). The case was heard by a magistrate judge by consent of the parties. On appeal, Ms. Giannola contends that the magistrate judge erred

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable William P. Johnson, District Judge, United States District Court for the District of New Mexico, sitting by designation.

in granting summary judgment on her claims of (1) breach of employment contract; (2) deprivation of a property interest in her continued employment without due process of law under 42 U.S.C. § 1983; (3) breach of the covenant of good faith and fair dealing; and (4) promissory estoppel. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for trial.

Background

In June 2000, Ms. Giannola was interviewed for the Assistant Director position at the Authority. According to Ms. Giannola, during the interview process, she was told that the offer was for a "five year contract of employment." Aplt. App. at 60. Ms. Giannola asked for and received a written description of the position. Over the telephone, the Authority's then-Executive Director, Mary Roberts, offered Ms. Giannola the position. On June 30, 2000, Ms. Giannola received the packet of information she previously requested, which included a job description, benefits package, retirement package, insurance information, and a description of holidays. The job description also contained the following language:

> Compensation: This is a five-year position with renewal beyond the five-year period dependent on the housing long range plan. Full time position with complete City of Aspen benefits package. Exempt employee.

Aplt. App. at 63.

Ms. Giannola contends that this language, as well as subsequent oral assurances, created an enforceable contract for a five year term of employment. Furthermore, Ms. Giannola contends that she relied upon this language, to her detriment, by leaving a "stable, comparable paying position as planning director" of another ski mountain, and accepting Authority's offer. Aplt. Br. at 3. Ms. Giannola also argues that during performance reviews, Ms. Roberts confirmed the Authority's five-year commitment.

Authority denies that Ms. Giannola was ever offered anything that was "intended to reflect a contract of employment." Authority Aplee. Br. at 4. Instead, Authority points to Ms. Roberts' deposition testimony wherein she stated that the job description was merely utilized in order to make applicants for the job aware of the estimation of the amount of work available. In other words, Authority claims that while the *position* may have been one for five-years, the occupant of that position might serve less than five years. Accordingly, Authority claims that Ms. Giannola's employment was not necessarily for five years. Authority further argues that because Ms. Giannola received and signed two statements acknowledging her receipt of the City of Aspen's personnel manual, that the language therein definitively establishes that the relationship was at-will

employment.[1]  The manual provided:

> Nothing in this Manual shall create or is intended to create, or shall be construed to constitute a contract of employment, express or implied. . . . Employees are free to resign at any time just as the City is free to terminate employment at any time.

Aplt. App. at 178.

Ms. Giannola contends that the characterization of the statements misses the point of her complaint, because she is not claiming that Authority breached a contract found in those statements, but rather that Authority breached the contract in the prior written job description documentation as well as in the subsequent oral statements made by Authority officials.  Furthermore, she argues that Ms. Roberts' deposition testimony is not dispositive, because Ms. Roberts also did not recall other specific conversations she had during that time period.

In pertinent part, the magistrate judge held that the evidence was clear that Ms. Giannola and the Authority never had a meeting of the minds on the term of the contract so no contract was formed.  Id. at 611.  He further held that even if the parties had entered into a contract with a five-year term, Ms. Giannola acknowledged and acquiesced to an at-will employment relationship in accordance with the personnel manual she received and signed for.  Id. at 611,

_____

[1]It should be noted that there were two personnel manuals signed by Ms. Giannola (one had been revised), but as no material differences exist for our purposes, we simply refer to the one.

616.  Accordingly, Ms. Giannola had no property interest in her employment contract that would support a § 1983 claim.  Insofar as promissory estoppel, the magistrate judge held any reliance Ms. Giannola placed in the job description or her conversations with the Authority was unreasonable.  Id. at 617.  In the alternative, once Ms. Giannola acknowledged the terms of personnel manuals, any estoppel created by such reliance would disappear because the express agreement would control. Finally, relying upon Colorado law, the magistrate judge rejected the breach of the implied covenant of good faith and fair dealing claim on the grounds that an at-will employment contract contains no such covenant.

## Discussion

### A.    Breach of Contract

In this diversity action, the parties agree that Colorado substantive law governs the merits of the dispute.  See Clark v. State Farm Mut. Auto Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003).  We review the magistrate judge's grant of summary judgment de novo, applying the same standard the magistrate applied.  Roberts v. Printup, 422 F.3d 1211, 1214 (10th Cir. 2005).  Summary judgment is proper where there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party

for a jury to return a verdict for that party." We draw all inferences in favor of the non-moving party. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1146 (10th Cir. 2005).

In Colorado, the elements for a breach of contract claim are: (1) existence of a contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform the contract by defendant; and (4) damages to plaintiff. Western Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. 1992). The existence of an expressed or implied contract depends on words or conduct that evidence a mutual intention to contract. Haberl v. Bigelow, 855 P.2d 1368, 1374 (Colo. 1993). To establish the existence of a contract, the parties thereto must agree on all essential elements. Fed. Lumber Co. v. Wheeler, 643 P.2d 31, 36 (Colo. 1981). The issue of whether a contract exists is a jury question, but only if the "evidence is conflicting or admits of more than one inference." I.M.A., Inc. v. Rocky Mountain Airways, Inc., 713 P.2d 882, 887 (Colo. 1986).

Here, Ms. Giannola contends that whether the job description document's wording, combined with the oral assurances, constituted a contractual obligation is a fact question. In response, Authority seems to argue that the document upon which Ms. Giannola relies does not constitute a contract for or offer of employment for five years, because it does not set forth the material terms

- 6 -

required.[2]  Furthermore, Authority argues that because Ms. Giannola signed the statements acknowledging receipt of a personnel manual – statements which clearly indicate that all employees, absent a few enumerated classes, are employed at-will – she is precluded from arguing that the Personnel Manual constitutes a five-year contract.[3]

The magistrate judge determined that the job description "does not represent that it is anything more than simply that, a job 'description.'" Aplt. App. at 606.  According to the magistrate judge, while the job description does refer to a five-year position, nothing about that language expressly or impliedly indicates that the person hired for that position will necessarily occupy it for five years.  Id. The magistrate held that Authority had provided indisputable evidence that the *position* was to exist for at least five years, and was equally firm in his conclusion

---

[2]Authority also argues that Ms. Giannola has sued the wrong party in this action, based on the contention that the City of Aspen, and not the Authority, was her employer.  We agree with the magistrate judge that this argument is unpersuasive. Aplt. App. at 603.  Utilizing either the integrated enterprise test or the joint-employer test, it is clear that the Authority and the City shared the authority to hire and fire employees and that both exercised significant control over Ms. Giannola's employment.  See e.g., Bristol v. Bd. of County Comm'rs of County of Clear Creek, 312 F.3d 1213, 1218-19 (10th Cir. 2002) (en banc) (outlining respective factors of both integrated enterprise test and joint-employer test).

[3]We also note that while Mr. Barwick did raise a statute of frauds defense in his answer, Authority did not.  See Fed. R. Civ. P. 8(c) (statute of frauds is an affirmative defense).  Neither party has briefed the issue before this court, and it is not before us.  See O'Connor v. City and County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990) (issues not briefed are deemed waived).

that the job description lacked the necessary language for a contractual relationship to arise. "[N]o reasonable person could conclude that the phrase 'five year position,' standing alone in the job description, was an offer of a contract of employment for a term of five years." Id. However, this is not Ms. Giannola's position.

Genuine issues of material fact exist regarding whether the written job description, coupled with the statements that were made to Ms. Giannola, constituted sufficient evidence of a five-year contract. This result is required when viewing the evidence in the light most favorable to Ms. Giannola. See Sierra Club, 421 F.3d at 1146.

If that evidence is to be credited, Ms. Roberts continually assured Ms. Giannola, after receipt of the job description, of the five year contract term. Mr. Leavitt, another employee of Authority, was given a similar five-year contract, and that the Authority has so admitted. Despite the fact that Mr. Leavitt signed similar acknowledgments associated with the personnel manuals, and despite the fact that he is not specifically exempted from at-will status by the personnel manual, the Authority does not consider him an at-will employee. At the very least, Ms. Giannola has come forward with enough to show that the contractual provision is ambiguous insofar as it is fairly susceptible to more than one interpretation. Dorman v. Petrol Aspen, Inc., 914 P.2d 909, 911 (Colo. 1996).

The magistrate judge held that a mutual mistake of fact existed as to the terms of employment, and as such, the formation issue was rendered a question of law. We disagree. The parties disagree as to the facts surrounding formation and their inferences. We are hesitant to classify this as a "mutual mistake of fact," which is indubitably a legal issue, given Colorado law that a jury question exists where a party arguing for the *existence* of a contract presents evidence that "is conflicting or admits of more than one inference. . . ." I.M.A., 713 P.2d at 887.

In its alternative holding, the magistrate judge concluded that, even if there was a contract for five years, the acknowledgment in the personnel manuals superseded that contract. Once again, we disagree. We are at a loss to determine how the manual's language could be more lucid: "Nothing in this Manual shall create or is intended to create, or shall be construed to constitute a contract of employment, express or implied." Aplt. App. at 181. Furthermore, as Ms. Giannola argues, the personnel manuals came <u>after</u> the events that led to her belief that she already had a five-year contract, which led to her conclusion that the at-will portions of the manuals would not affect that contract.

The magistrate judge determined that under <u>Holland v. Bd. of County Comm'rs of Douglas County</u>, 883 P.2d 500, 506 (Colo. App. 1994), by signing the personnel manuals, Ms. Giannola acknowledged her assent to be bound by its provisions, and the manuals themselves became express contracts. Aplt. App. at

- 9 -

25. The magistrate concluded that these express contracts superseded any oral assurances that Ms. Giannola was given. Holland, though, is not particularly on point here. First, that case dealt with oral assurances that were *subsequent* to the written agreement, and not, as here, with oral assurances *prior* to the written personnel manuals. Holland, 883 P.2d at 506. Second, here the personnel manuals and acknowledgment statements explicitly provided that they were *not* contracts. As such, we are unpersuaded that by signing the personnel manuals, any contract between Authority and Ms. Giannola based on the job description and the subsequent oral assurances would be superseded.

B. Remaining Claims

The magistrate judge's rejection of Ms. Giannola's remaining claims (§ 1983, promissory estoppel, and breach of the implied covenant of good faith and fair dealing) was premised upon the incorrect view that the evidence would not support formation of a five-year contract and that even if it could, the evidence established as a matter of law that the acknowledgments and the personnel manuals made this an at-will position. We have rejected this view of the evidence given the summary judgment standard, and as such, the magistrate's dismissal of these three claims was in error. Moreover, whether Ms. Giannola reasonably relied upon the representations made to her in the context of her promissory estoppel claim is a jury question. See Nelson v. Elway, 908 P.2d 102,

122-23 (Colo. 1995).

REVERSED and REMANDED for trial.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge