950 P.2d 1195 (1997)
Donald L. GEORGE, Plaintiff-Appellant,
v.
UTE WATER CONSERVANCY DISTRICT, Defendant-Appellee.
No. 96CA1639.
Colorado Court of Appeals, Div. II.
December 26, 1997.
*1196 Wegher & Associates and Robb, Beckner, Achziger, McInnis & Palo, Arnold C. Wegher, Denver, for Plaintiff-Appellant.
Williams, Turner & Holmes, P.C., William D. Prakken, Mark E. Hamilton, Grand Junction, for Defendant-Appellee.
Opinion by Judge DAVIDSON.
Plaintiff, Donald L. George, appeals from the summary judgment entered by the trial court in favor of defendant, Ute Water Conservancy District, on his claims for age discrimination, breach of implied contract, promissory estoppel, and deprivation of property without due process. We affirm.
Plaintiff began working for defendant in 1966. In May 1993, he was asked to resign. When he refused, he was terminated, and was replaced by another worker.
Since the 1980's, defendant had supplied its employees, including plaintiff, with an employee handbook. The handbook provided that employment with defendant was "at will," which it defined as the ability of "either the District or an employee [to] terminate the employment relationship at any time and for any reason."
Defendant also issued a supervisors' handbook that, because of his position as a superintendent, was distributed to plaintiff. The supervisor's handbook was "designed to interpret the Employee Handbook in more detail to enable the Supervisor to more easily answer the employee's questions regarding [the district's] policy." As relevant here, the supervisor's handbook set forth certain policies and procedures concerning discipline and termination.
After his termination, plaintiff filed suit alleging, under the Colorado Anti-Discrimination Act, that defendant had terminated him because of his age. In his breach of contract and promissory estoppel claims, he specifically alleged that the discipline procedures set forth in the supervisor's handbook constituted an agreement or promise of continuing employment.
On defendant's motion, the trial court entered summary judgment against plaintiff on all claims. Plaintiff appeals, asserting primarily that entry of such judgment was improper because there were disputed issues of material fact.
When reviewing a motion for summary judgment, we must give the moving party the benefit of all favorable inferences that may be drawn from the facts. Holland v. Board of County Commissioners, 883 P.2d 500 (Colo.App.1994). Summary judgment is warranted only when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Churchey v. Adolph Coors Co., 759 P.2d 1336 (Colo.1988).
I.
We do not agree with plaintiff that the trial court erred in granting summary judgment *1197 against him on his claim of age discrimination under the Colorado Anti-Discrimination Act, § 24-34-402, C.R.S.1997.
Section 24-34-402 provides, in pertinent part:
(1)It shall be a discriminatory or unfair employment practice:
(a) For an employer ... to discharge ... any person otherwise qualified because of race, creed, color, sex, age, national origin, or ancestry....
Under that statute, intentional discrimination may be proven either directly or indirectly. See St. Luke's Hospital v. Colorado Civil Rights Commission, 702 P.2d 758 (Colo.App.1985). And, it may be presumed by the establishment of a prima facie case which shows: 1) that the complainant belongs to a protected class; 2) that the complainant was qualified for the job at issue; 3) that, despite his other qualifications, the complainant suffered an adverse employment decision e.g., a demotion or discharge or a failure to hire or promote; and 4) that the circumstances give rise to an inference of unlawful discrimination. Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo.1997)(modifying approach used in Title VII cases to apply to the various forms of discrimination set forth in § 24-34-402).
Here, the replacement employee was two years and nine months younger than plaintiff. However, other than a "belief" that age was a factor in his discharge, plaintiff submitted no evidence of discrimination in response to defendant's motion for summary judgment.
Relying on the recent decision in O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), the trial court determined that the age difference between plaintiff and the replacement worker was insufficient as a matter of law to give rise to an inference of discrimination. Thus, the court determined that plaintiff had failed to establish a prima facie case of discrimination and, accordingly, dismissed the claim. Plaintiff contends that this was error. We disagree.
As relevant here, the federal counterpart to the Colorado Anti-Discrimination Act is the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq., (1987). ADEA, as does § 24-34-402, prohibits the discharge of an individual based on age.
Under ADEA, the elements of a prima facie case are: (1) the complainant was within the protected age group; (2) the complainant was doing satisfactory work; (3) the complainant was discharged despite the adequacy of this work; and (4) a younger person replaced the complainant. Greene v. Safeway Stores, Inc. 98 F.3d 554 (10th Cir.1996).
In other words, to establish a prima facie case under ADEA, a plaintiff must submit evidence sufficient to create an inference that an employment decision was based on an illegal discriminatory criterion. "In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." O'Connor v. Consolidated Coin Caterers Corp., supra, 517 U.S. at ____, 116 S.Ct. at 1310, (replacement of a 68-year-old by a 65-year-old would generally not satisfy a prima facie case for age discrimination). See Pace v. Southern Railway System, 701 F.2d 1383 (11th Cir.1983)(prima facie case of age discrimination not satisfied where only two-year age difference and no direct evidence of discriminatory intent); Equal Employment Opportunity Commission v. Sperry Corp., 852 F.2d 503 (10th Cir.1988)(two-year age difference provides no substantial inference of age discrimination); Hipp v. Liberty National Life Insurance Co., 973 F.Supp. 1033 (M.D.Fla.1997) (difference of two years between workers is per se insignificant difference in age). Cf. Douglas v. Anderson, 656 F.2d 528 (9th Cir.1981) (prima facie case satisfied where replacement was five years younger and where there was substantial evidence of the qualifications of plaintiff); Bienkowski v. American Airlines, Inc., 851 F.2d 1503 (5th Cir.1988)(prima facie case is satisfied when replacement was five years younger than plaintiff, but situation is a "close case"); Hartley v. Wisconsin Bell, Inc., 124 F.3d 887 (7th Cir.1997) (ten-year *1198 difference between workers is presumptively substantial).
Although the elements are not identical, a prima facie case under § 24-34-402, as under ADEA, requires evidence of circumstances from which discrimination may reasonably be inferred. See Civil Rights Commission v. Big O Tires, Inc., supra. Hence, although in considering age discrimination issues under § 24-34-402, we are not bound by federal court determinations, they are persuasive authority. Consequently, applying the reasoning in the ADEA cases here, we conclude that the two years and nine months age difference between plaintiff and the replacement worker, without more than just plaintiff's subjective view that age was a relevant factor, was insufficient to establish a prima facie case.
II.
We also disagree with plaintiff that, under either a theory of implied contract or promissory estoppel, the handbooks modified his at-will employment.
Employment for an indefinite period is generally at will and may be terminated by either party, without cause or notice. Allabashi v. Lincoln National Sales Corp., 824 P.2d 1 (Colo.App.1991). However, statements made in an employee handbook limiting an employer's right to discharge employees may be the basis of breach of implied contract and promissory estoppel claims by discharged employees. Continental Air Lines, Inc. v. Keenan, 731 P.2d 708 (Colo. 1987).
To create an implied contractual term, statements in an employee handbook must be a manifestation of the employer's willingness to enter into a bargain with the employee. Under a promissory estoppel theory, the promise must be one that the employer should reasonably have expected the employee to consider as a commitment from the employer. Ferrera v. Nielsen, 799 P.2d 458 (Colo.App.1990).
While statements made in an employee handbook limiting an employer's right to discharge employees may be the basis for breach of implied contract and promissory estoppel claims by discharged employees, summary judgment is appropriate if the employer has clearly and conspicuously disclaimed intent to enter into a contract limiting the right to discharge employees. If the handbook contains such a clear and conspicuous disclaimer, then, without more, the handbook will not be construed as a contract limiting the employer's right to discharge its employees. See Middlemist v. Seidman, ___ P.2d ___, 1997 WL 603886 (Colo.App. No. 96CA1649, October 2, 1997).
Here, the employee handbook contained in bold face type a disclaimer, which read:
EXPRESSION OF EMPLOYER'S POLICY THIS EMPLOYEE HANDBOOK IS A UNILATERAL EXPRESSION OF POLICY ON THE PART OF THE DISTRICT. IT IS NOT AN EMPLOYMENT CONTRACT AND CANNOT CREATE AN EMPLOYMENT CONTRACT. THE DISTRICT RESERVES THE RIGHT TO ALTER OR AMEND ANY PROVISIONS CONTAINED IN THIS EMPLOYEE HANDBOOK AT ANY TIME WITHOUT PRIOR NOTICE TO EMPLOYEES.
I HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF THIS EMPLOYEE HANDBOOK. FURTHER, I UNDERSTAND THAT MY EMPLOYMENT IS "AT WILL."
This disclaimer was sufficiently clear to inform plaintiff that defendant did not intend to enter into a bargain based on the terms of the handbook. The disclaimer was also sufficiently conspicuous. It was in capital letters and on a separate page. Furthermore, in the disclaimer and, again, on another page, defendant reserved the right to alter, at any time, any provision in the handbook. See Ferrera v. Nielsen, supra.
However, because parties can modify a contract by words or by conduct, a disclaimer may not be determinative if there is other legally sufficient evidence in the record to create a question of fact concerning modification of at-will employment. See Evenson v. Colorado Farm Bureau Mutual Insurance Co., 879 P.2d 402 (Colo.App.1993). See also Fair v. Red Lion Inn, 920 P.2d 820 (Colo. *1199 App.1995), aff'd on other grounds, 943 P.2d 431 (Colo.1997)(whether medical leave forms modified at-will employment status was a jury question, even when an employee handbook contained a disclaimer); Allabashi v. Lincoln National Sales Corp., supra (disclaimer is not determinative when there is other evidence that contradicted its terms).
Plaintiff asserts that the supervisor's handbook here contained a progressive disciplinary policy which could be viewed by a reasonable fact-finder as a modification of plaintiff's at-will employment. We disagree. To the contrary, we conclude that the disclaimers in both handbooks were sufficiently clear to inform employees that defendant intended to maintain at-will employment regardless of other procedures and policies in the handbooks.
Here, in addition to the separate, bold-faced disclaimer, both handbooks clearly repeated in several places that employment with defendant was at will and, as noted, defined that term. Similarly, these statements were placed within the handbooks in close proximity to the provision setting forth the single required procedure on termination, an informational meeting between supervisor and employee to occur subsequent to the decision to terminate. It was undisputed that that procedure was followed here.
Although, as plaintiff points out, the supervisor's handbook contained a discipline procedure which essentially allowed for an employee to be "told of his/her shortcomings and be given an opportunity to correct his/her behavior," the stated purpose of that procedure was to give "guidance" to the supervisor to effectuate the policies in the employee manual. The discipline procedure was not set forth as a prerequisite to termination, and the handbook did not require that the discipline procedure be used in all situations, but only "generally." Indeed, the handbook acknowledged that, under some circumstances, the procedure "may not be appropriate," and advised that the supervisor or manager can "decide on the appropriate course of action."
Furthermore, supervisors again were reminded in the handbook that employment was at will, which "means that an employee may be discharged at any time, for any reason or for no reason at all." In addition, the discipline procedure described in the supervisor's handbook was not contained in the employee's handbook, which informs employees only that reprimands "may" occur.
Moreover, unlike in Evenson v. Colorado Farm Bureau Mutual Insurance Co., supra, where testimony from other supervisors indicated that the discipline procedures at issue in that case were binding, here, plaintiff presented no evidence in response to defendant's motion for summary judgment to indicate that supervisors, or anyone else, regarded these procedures as mandatory. In fact, in his deposition, plaintiff stated that, as a supervisor, he did not use the progressive discipline procedure, but instead, handled discipline problems by his own methods.
The employee's handbook also states that: "In order to promote fair and equitable standards for all employees and to avoid possible misunderstanding and discontent, the personnel rules of the District are set forth on the following pages." Similarly, the supervisor's handbook states: "The Supervisor should make clear his/her role in enforcing the regulations is to maintain fair and equitable treatment for all employees, not to be a policeman." However, plaintiff's contention to the contrary notwithstanding, this language is not promissory.
In order for a statement to constitute an enforceable promise, it must meet two requirements. First, to a reasonable employee, the statement must either disclose a promissory intent or constitute a commitment by the employer. If the statement is a mere description of policy, it is not a promise nor a commitment by the employer. Second, the statement must be sufficiently definite to allow a court to understand the nature of the obligation undertaken. Soderlun v. Public Service Co., 944 P.2d 616 (Colo.App.1997).
We agree with defendant that these statements only set forth general policy. Their clear purpose simply is to explain the reason for handbook regulations. Furthermore, the phrase "fair and equitable standards" here is insufficiently definite to define an obligation that is enforceable because "fair and equitable" only modifies a general approach of *1200 management, not specific conduct. See Soderlun v. Public Service Co., supra.
III.
For these reasons, we also do not agree with plaintiff that defendant was required to provide notice and a pretermination hearing.
A terminated public employee may state a claim for relief for deprivation of property without due process of law if personnel rules or mutually explicit understandings create a sufficient expectancy of continued employment to give the employee a legitimate claim of entitlement. However, absent an expectancy of continued employment, a party does not have a legitimate claim for denial of due process. See Adams County School District No. 50 v. Dickey, 791 P.2d 688 (Colo.1990); Holland v. Board of County Commissioners, supra.
Here, as discussed, nothing in the handbooks modified plaintiff's status as an at-will employee or otherwise created a legitimate claim of entitlement. Thus, plaintiff had no expectancy of continued employment. See Holland v. Board of County Commissioners, supra (express terms in an employment contract stating the employee was at will eliminate a property interest in the employment).
Accordingly, the judgment is affirmed.
METZGER and CRISWELL, JJ., concur.