Solimine v. United Airlines          CV-97-148-M    03/25/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward Solimine,
        Plaintiff

        v.                                    Civil No. 97-148-M

United Airlines, Inc.,
        Defendant

## O R D E R

Plaintiff Edward Solimine moves pursuant to Federal Rule of Civil Procedure 60(b)(1) to set aside judgment dismissing his suit against United Airlines and to file his amended complaint, which was previously allowed but never submitted to the court for filing.  Rule 60(b)(1) provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."

After plaintiff was allowed to amend his complaint, defendant moved to dismiss plaintiff's claims of breach of contract, promissory estoppel, and fraud, addressing the additional allegations plaintiff had proposed for his amended complaint.  Since plaintiff never filed the amended complaint with the court, only the original complaint could be considered in deciding defendant's motion to dismiss, notwithstanding the parties' references to plaintiff's proposed amendments.  The motion to dismiss was granted, and judgment was entered.

These peculiar circumstances would likely constitute "excusable neglect" under the Supreme Court's broad view of the

term. <u>Pratt v. Philbrook</u>, 109 F.3d 18, 19 (1997) (discussing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380 (1993)). Nevertheless, because even plaintiff's amended complaint would be dismissed for the reasons United raised in its motion to dismiss and reiterates in its objection to plaintiff's motion for Rule 60(b) relief, there is no reason to set aside judgment and reopen the case, thereby requiring defendant to yet again move to dismiss on the same grounds. <u>See</u> <u>Maldonado v. Dominguez</u>, No. 97-1345, 1998 WL 73020 at *10 (1st Cir. Feb. 27, 1998) ("we need not remand this case to allow for a revision of the complaint because the amendments proposed by the plaintiffs would be futile"); <u>Hayden v. Grayson</u>, 134 F.3d 449, 455-56 (1st Cir. 1998) ("the proposed amendment would have been futile").

## Discussion

In his amended complaint, plaintiff alleges that when he exchanged letters with United (which plaintiff characterizes as an offer and acceptance of employment), he and United understood that the applicable collective bargaining agreement between United and the Air Line Pilots Association would provide the pay, benefits, and other terms of plaintiff's employment with United. He also alleges that those collective bargaining agreements altered the at-will status of his employment by guaranteeing that pilots would not be laid off.

2

In support of its motion to dismiss, United submitted copies of sections of the 1991 and 1994 collective bargaining agreements pertinent to employment status, seniority, and lay off.  See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).  The 1991 Agreement, section 6.A.2., provided:

> Seniority shall govern pilots in the case of promotion and demotion, their retention in case of reduction in force, their assignment or reassignment due to expansion or reduction in schedules, their reemployment after release due to reduction in force and their choice of vacancies, provided that the pilot's qualifications are sufficient for the conduct of the operation.  In the event that a pilot is considered by the Company not to be sufficiently qualified, the Company shall immediately furnish such pilot written reasons therefor.  This Section shall apply unless otherwise specifically excepted by some other provision of this Agreement.

Under the Agreement, a student pilot accrued seniority as long as the pilot successfully completed initial training:

> [Section 2.X]  A "Student Pilot" is an individual who reports to United Airlines for initial training as a United Airlines flight officer in contemplation of continuing employment as a United Airlines pilot. Student Pilots shall be employees and pilot seniority shall commence as of the first day of training per Section 6 of this Agreement.

> [Section 6.A.1] Pilot seniority shall accrue from the date of hire as a student pilot with the Company, as defined by Section 2-X of this Agreement, or with other companies whose operations have been taken over by the Company prior to signing of this Agreement.  Seniority shall continue to accrue from such date and shall not cease to accrue or be lost except as provided in this Section and Sections 7 and 12 of this Agreement.  The accrual of Pilot seniority is contingent upon the successful completion of initial training as a student pilot.

3

Despite any accrued seniority, section 6.C provided for a period of probation for one year during which time United could release pilots despite their seniority.

If plaintiff ever became a United employee covered by the 1991 Agreement, which is improbable, he never reported for initial flight training, did not successfully complete training, and therefore did not accrue seniority under the terms of the 1991 Agreement.  When United told plaintiff in September 1994 that he would not be hired as a pilot, the 1994 Agreement was in effect.

Under the 1994 agreement, "[n]o pilot on United Airlines' seniority list as of July 12, 1994 will be furloughed while this Agreement remains in effect except as a direct result of a circumstance over which the Company does not have control." Section G.  Like the 1991 Agreement, the 1994 Agreement provided that seniority would begin to accrue on the first day of training, but remained contingent upon successful completion of initial pilot training.  Sections 2.X and 6.A.1.  Plaintiff did not begin training, and therefore, was not on United's seniority list when he was told in September 1994 that he would not be hired.

As the plain terms of the 1991 and 1994 union Agreements do not apply to plaintiff, to the extent he had any employment relationship with United at all[1], he was at best an "at will"

_____

[1]The court held in its order of March 3, 1998, that the correspondence between plaintiff and United was insufficient to create an employment contract as none of the material terms of

employee hired for an indefinite period who might be terminated without cause.  See George v. Ute Water Conservancy District, 950 P.2d 1195, 1198 (Colo. 1997); Cloutier v. Great A. & P. Tea Co., Inc., 121 N.H. 915, 919 (1981).[2]  Accordingly United's decision not to hire plaintiff after all was not a breach of contract. Even if plaintiff was a United employee at that time and qualified to be a United pilot, his "termination" by United for pretty much any reason not contrary to public policy was perfectly lawful.

As was discussed in the court's previous order, United's alleged representations to plaintiff were insufficient to support plaintiff's claim of promissory estoppel.  The additional allegations in plaintiff's amended complaint, incorporating the terms of the collective bargaining agreements, do not save his claim.  He has not added allegations describing what terms he believed he was promised, providing nothing for the court to enforce.  In any event, plaintiff was not a United employee covered under either of the Agreements mentioned.

---

employment were established by the correspondence.  Although plaintiff now alleges that the applicable collective bargaining agreements provided the material terms of the employment agreement, he has not alleged what those terms were or how the agreement might apply to him.  Thus, the proposed amended complaint adds little to merit of his claim.

[2]As the court noted in its previous order, plaintiff suggested that Colorado law governs his claims.  Since the court finds no material conflict in the law of New Hampshire and Colorado pertinent to this case, a choice of law analysis is not necessary.

The court previously determined that plaintiff's fraud claim based on United's alleged representations to him in correspondence were insufficient to state an actionable claim. The amended complaint adds an allegation that "[d]uring the discussions Mr. Solimine had with United, United told Mr. Solimine that his acceptance by United for United flight training would mean that he was hired as a pilot." Plaintiff provides no factual allegations that would suggest that United made the alleged representation for the purpose of inducing him to act in reliance on it, a required element of a fraud claim under New Hampshire law. See Gray v. First N.H. Banks, 138 N.H. 279, 279 (1994). Alternatively, given the obvious necessity that a pilot candidate successfully complete United's training program before performing as a United pilot (a fact presumably known by plaintiff, who had considerable experience as a pilot), plaintiff's reliance on the alleged representation (that he was hired as a pilot) would seem to be far from justifiable, precluding a fraud claim under Colorado law. See M.D.C./Wood, Inc. v. Mortimer, 866 P.2d 1380, 1381 (Colo. 1994).

Even if plaintiff's additional allegation added enough substance to satisfy the elements of a fraud claim under state law, which it does not, the allegation is still insufficient under the heightened pleading standards imposed on fraud claims by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that fraud be pleaded with particularity with respect to "particular times, dates, places or other details of the alleged fraudulent

6

involvement of the actors." <u>Serabian v. Amoskeag Bank Shares,</u> <u>Inc.</u>, 24 F.3d 357, 361 (1ˢᵗ Cir. 1994). Plaintiff's added allegation does not identify who from United told him that acceptance into United's flight training program would mean that he would be hired as a pilot, or when, or where the representations were allegedly made. As such, the allegation does not meet Rule 9(b)'s requirements.

In summary, the additional allegations in plaintiff's amended complaint would not avoid dismissal of his claims under Federal Rule of Civil Procedure 12(b)(6). As further consideration of plaintiff's proposed amended complaint would be futile, and it would be unnecessarily burdensome to require defendant to reiterate the same grounds for dismissal in another round of pleadings, setting aside the judgment entered in this case for that reason would serve no useful purpose for either party.


## Conclusion

For the foregoing reasons, plaintiff's motion to set aside the judgment (document no. 17) and motion to permit filing of amended complaint (document no. 18) are denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

March 25, 1998

cc:    James W. Donchess, Esq.
       Mark D. Wiseman, Esq.