**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES F. JUDISCAK,

     Plaintiff-Appellant,

v.

DIGITAL EQUIPMENT
CORPORATION, a foreign
corporation,

     Defendant-Appellee.

No. 97-1356
(District of Colorado)
(D.C. No. 96-WY-2400 CB)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

     James F. Judiscak appeals the district court's grant of summary judgment to Digital Equipment Corporation ("Digital") on Judiscak's claim for breach of a contract to promote. Judiscak also appeals the district court's denial of Judiscak's Motion for Reconsideration or to Amend the Judgment. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

This court reviews the district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, this court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996). "[T]he relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Bingaman v. Kansas City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir.1993) (quotation marks and citation omitted).

Stated briefly and in accord with the standard set out above, the relevant facts are as follows. In 1984, Digital hired Judiscak as a purchasing specialist. By 1992, Judiscak held a position as an Acquisition Consultant I with a Salary Range Indicator ("SRI") level of 39. During that year, Digital's purchasing organizations undertook a program to update and ensure consistent job classifications. Judiscak's supervisor, Joseph Richardson, sent his own supervisor

a memo recommending an SRI of 40 for the "Commodity Managers" within his group. Judiscak was aware of the memo, but was specifically informed that it was simply a "recommendation." Ultimately, Digital rejected Richardson's recommendation.

Dick Svirsky became Judiscak's supervisor in January of 1993. Seeking promotion to SRI 40, Judiscak sent Svirsky an e-mail asking about his 1992 performance review and pointing out Richardson's recommendation. Svirsky worked in Massachusetts, had never met Judiscak, and was unfamiliar with Judiscak's job performance. As a result, Svirsky asked Judiscak to prepare a draft review of himself as a starting point for the evaluation.

Judiscak drafted a review in which he awarded himself a "1 Exceptional" rating (Digital's highest possible) and "recommended" that he be promoted to level SRI 40. Judiscak e-mailed this draft to Svirsky and they discussed it by phone. According to Judiscak, Svirsky indicated he agreed with the entire review.[1] Nevertheless, neither Judiscak, Svirsky, nor Svirsky's supervisor signed the draft, as required by Digital standard practice. In fact, Svirsky produced an

---

[1]According to Judiscak, Svirsky further confirmed his intention to promote Judiscak by sending the following documents from Digital's confidential salary guidelines to Judiscak in May of 1993: (1) Digital's pay matrix; (2) the CY93 US Pay Program; (3) Performance and Experience (Time in Job) Factors; (4) the Acquisition Consultant II job description; and (5) Digital's Personnel Policies and Procedures.

alternate performance review which did not incorporate Judiscak's promotion "recommendation." The resulting June 1993 final review rated Judiscak a "2" performer and addressed a promotion recommendation as a conditional matter linked to a future reevaluation.

Svirsky's June 1993 review is the only performance review signed by Svirsky or his supervisor. Nevertheless, Judiscak claims that his discussions with Svirsky during the entire review process, and particularly Svirsky's specific oral promise to adopt Judiscak's draft performance review constitute a binding express promise to promote Judiscak to an SRI 40 with commensurate salary increase.

## II. ANALYSIS

In resolving Judiscak's claims, the district court assumed the existence of an express promise on the part of Svirsky to promote Judiscak and resolved Judiscak's claim as a matter of law. The district court began by noting that under Colorado law, a principal is bound by the actions of its agent only where the agent is acting pursuant to actual or apparent authority. *See Life Investors Ins. Co. v. Smith*, 833 P.2d 864, 868 (Colo. Ct. App. 1992). As to actual authority, the district court concluded that "Digital, like many large companies, requires that promotions and other personnel changes be approved by several management levels." Furthermore, the documentary evidence produced by the parties clearly

showed that Svirsky did not have unilateral power to promote Judiscak.[2]  As to whether Svirsky had apparent authority, the district court began by recognizing that "[i]n order for Judiscak to show that Svirsky had apparent authority to contract on Digital's behalf, Judiscak must show that he was reasonably justified in believing Svirsky could promote him."  Dist. Ct. Order at 4 (citing *Cornelius v. Gerwin & Co.*, 642 P.2d 54, 56 (Colo. Ct. App. 1982)).  During his deposition, however, Judiscak admitted he was aware that Svirsky could only recommend a promotion and that the ultimate authority to promote was in the hands of managers further up the corporate ladder.  In particular, Judiscak testified that promotion "paperwork has got to be approved by the management all the way up.  It's got to be in the budget, and it should be in the salary plan."  *Id.*  Because there was no material disputed issue of fact regarding Judiscak's knowledge of Digital's promotion process and because that knowledge negated any reasonable belief that Svirsky could unilaterally promote Judiscak to SRI 40, the district court granted summary judgment to Digital.

---

[2]After the district court granted Digital summary judgment, Judiscak filed a motion for reconsideration, requesting that the district court reconsider its ruling on Svirsky's actual authority in light of a recently disclosed copy of Svirsky's job description.  As aptly noted by the district court in denying the motion, however, the newly discovered job description was completely silent as to the question of whether Svirsky had the unilateral power to promote his subordinates.

This court has conducted a *de novo* review of the parties' briefs and pleadings, the district court's order granting summary judgment and its order denying reconsideration, and the entire record on appeal. Based on that review this court concludes the district court did not err in granting Digital summary judgment on Judiscak's actual and apparent authority claims and affirms for substantially those reasons set out in the district court orders dated June 3, 1997, and August 29, 1997.

Judiscak asserts the district court erred when it failed to address Judiscak's contention that several Digital policy documents provided to Judiscak by Svirsky, standing alone, created an implied contract to promote. The law in Colorado is clear: "To create an implied contractual term, statements in an employee handbook must be a manifestation of the employer's willingness to enter into a bargain with the employee." *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1198 (Colo. Ct. App. 1997). Measured against this standard, Judiscak's implied-contract claim borders on the frivolous.

Judiscak relies on the following documents in support of his implied-contract claim: (1) a pay matrix; (2) the job description for the Acquisition Consultant II position; (3) Digital's Time-in-Job factors; (4) the CY93 US Pay Program; and (5) Digital's Personnel Policies and Procedures. Upon a meticulous review of the relevant documents, this court concludes no reasonable jury could

conclude the documents evince an intent on the part of Digital to enter into a

bargain with Judiscak. *See Bingaman*, 1 F.3d at 980 (providing that summary

judgment is appropriate where the evidence is so one-sided that one party must

prevail as a matter of law).

In particular, we note that Digital's Personnel Policies and Procedures and

most of the pay-related documents were specifically delineated as "guidelines"[3]

and were not distributed to general employees. *See Marsh v. Digital Equip.

Corp.*, 675 F. Supp. 1186, 1196 (D. Ariz. 1987) ("[Digital's] policies and

procedures were issues to the supervisors to guide them in their dealings with

other employees and certainly were not meant in any way to impliedly created a

contract . . . ."). Furthermore, there is a clear and conspicuous disclaimer of

intent on the first page of the Personnel Policies and Procedures.[4] *See George*,

950 P.2d at 1198 (holding that summary judgment is appropriate where employee

---

[3]In particular, the 1993 Rate Guidelines, which contains the pay matrix, provides as follows: "The Target Rates provided in this document are meant to serve as guidelines for managers." Similarly, the instruction manual accompanying the guidelines provides that "[t]he Rate Guidelines are ONLY GUIDELINES; they are NOT intended to determine the exact increase or rate of pay.

[4]The Personnel Policies and Procedures provide as follows: ONLY THE CEO IS AUTHORIZED TO GRANT BLANKET EXCEPTION(S) TO THESE POLICIES. AS SUCH, DIGITAL'S HR POLICIES ARE NOT CONTRACTS OR GUARANTEES OF ANY PARTICULAR KIND OF TREATMENT OR MANAGEMENT PROCESS. Only the Senior Leadership Team and member of the Board of Directors are authorized to enter into such contracts.

manual contains clear and conspicuous disclaimer of intent). Finally, we note that all of the documents identified by Judiscak speak in only the most general terms and that none speak to a substantive and enforceable right to promotion. Upon review, this court concludes that none of the documents identified by Judiscak, considered either alone or in the aggregate, can reasonably be interpreted as evincing an intent on the part of Digital to enter into a bargain with Judiscak.

### III. CONCLUSION

For all of the reasons set out above, the judgment of the United States District Court for the District of Colorado is hereby affirmed.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge