**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GUY DEFAZIO,

      Plaintiff-Appellant,

v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., a Maryland
corporation,

      Defendant-Appellee.

No. 13-1197
(D.C. No. 1:11-CV-03357-WJM-
KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

Guy DeFazio used to work for Starwood as a general maintenance engineer

at the company's resort in Steamboat Springs. But eventually the relationship

soured and he was let go. He says the company fired him in retaliation for

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reporting to his bosses a mold problem in the hotel. In this diversity action he seeks damages under Colorado state law for his dismissal.

The first difficulty Mr. DeFazio confronts is that he served as an at-will employee. In Colorado, that generally means the employment relationship can be terminated by either party for any reason at any time. *See, e.g.*, *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 104-05 (Colo. 1992). Some exceptions to the general rule exist, of course, but the district court found that none applied here and dismissed Mr. DeFazio's claim at summary judgment. Before us, Mr. DeFazio insists two exceptions save his suit. We have carefully considered each possibility but at the end of the day find ourselves constrained to agree with the district court's judgment otherwise.

*

Mr. DeFazio first asks us to invoke the doctrine of promissory estoppel. He claims that Starwood made an implied promise in its employee handbook that it would not retaliate against employees for reporting health and safety issues — a promise it has now breached, a breach it can and should be held to account for in court.

To state a promissory estoppel claim under Colorado law, an employee must show four things: (1) the employer made a promise to him; (2) the employer should have reasonably expected that its promise would induce action or forbearance by the employee; (3) the employee reasonably relied on the promise

-2-

to his detriment; and (4) the promise must be enforced to prevent injustice. *Cherokee Metro. Dist. v. Simpson*, 148 P.3d 142, 151 (Colo. 2006).

We agree with the district court that Mr. DeFazio's claim fails on the first three elements. To be sure, Starwood's Code of Business Conduct includes a provision stating, "[i]t is our policy not to discriminate or retaliate against any associate who reports any violations of our policies, provides evidence or who otherwise participates in an investigation in good faith." R. at 116. To be sure, Colorado law sometimes permits promissory estoppel claims predicated on personnel policy statements like this one. *See, e.g.*, *Cont'l Airlines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). But Starwood's code of conduct proceeds to inform employees that "[n]either the Code nor our policies are intended, and do not in any way, constitute an employment contract or an assurance of continued employment. We do not create any contractual rights by issuing the Code or other policies." R. at 116. In addition, Starwood's code expressly reserves the company's right to "amend, modify or waive any provisions of the Code or our policies in our sole discretion." *Id.* These two disclaimers make quite clear, then, that the code of conduct may represent the company's aspirations for itself (aspirations the company chooses to share with its employees and perhaps boast about), but the code does not represent a firm promise to employees that they can reasonably rely upon. Indeed, it is settled law in Colorado that where, as here, "the handbook contains such . . . clear and

conspicuous disclaimer[s,] . . . the handbook will not be construed as a contract limiting the employer's right to discharge its employees." *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1198 (Colo. App. 1997); *cf. Geras v. Int'l Bus. Machs. Corp.*, 638 F.3d 1311, 1316 (10th Cir. 2011).

*

However that might be, Mr. DeFazio says he can still bring a claim for wrongful discharge in violation of public policy. He is quite right that Colorado law recognizes a cause of action along these lines even for at-will employees. *See Rocky Mountain Hosp. & Med. Serv. v. Mariani*, 916 P.2d 519, 523-25 (Colo. 1996). But to prevail Colorado requires an employee to prove various elements, including (as relevant here) that the employer directed him to violate some specific statute, regulation, or professional code related to public health, safety or welfare, or some clearly expressed public policy related to his responsibility as a citizen or his rights or privileges as a worker, or prohibited him from performing a public duty. *Lorenz*, 823 P.2d at 109. And this is a burden Mr. DeFazio has simply failed to carry.

As the district court noted, Mr. DeFazio has not identified "any clearly-expressed public policy that was implicated by his actions." R. at 275. In saying this much, we do not mean to suggest there *isn't* any such policy. The ledgers of the law are long, the rule books replete. It doesn't stretch our imagination to think that lurking somewhere in Colorado law lies some specific provision that

-4-

might cover the situation we face.  Intuitively, after all, if he is to be believed (and believed he must be at summary judgment) Mr. DeFazio was seeking to address a mold problem, perhaps a health hazard, and that's very possibly a matter implicated in some way by some statute or regulation.

But to make out a claim for wrongful discharge in violation of public policy in Colorado, a claimant must do more than leave a court with that kind of conjecture.  A claimant bears the burden of identifying for the court some specific, "clearly mandated" public policy in play; even "broad hortatory statement[s]" in the law won't do.  *Mariani*, 916 P.2d at 525; *see also Lorenz*, 823 P.2d at 107 (requiring a "clear mandate of public policy"); *Jaynes v. Centura Health Corp.*, 148 P.3d 241, 243-44 (Colo. App. 2006).  And it is in this respect that Mr. DeFazio falls short, for he has failed to identify *any* statute, rule, or public policy implicated by his dismissal.  There may be one, a future employee in his shoes may succeed in identifying one, but Mr. DeFazio has not.  He did not do so in district court, and he has not done so on appeal even after being put on notice of this shortcoming.  That alone requires dismissal of his claim, just as the district court held.  R. at 274-75; *see also Jaynes*, 148 P.3d at 243-47.

Mr. DeFazio suggests a different result is required by *Kearl v. Portage Environmental, Inc.*, 205 P.3d 496 (Colo. App. 2008), and *Haynes v. Poudre Valley Health Care, Inc.*, No. 09-cv-01956-WYD-BNB, 2011 WL 1225590 (D. Colo. Mar. 31, 2011), but we cannot agree.  In the first case, the Colorado

Court of Appeals found "a clearly expressed public policy" against terminating employees in retaliation for their attempt to expose or prevent efforts by their employers to defraud the government. *Kearl*, 205 P.3d at 500. In *Haynes*, we encounter not only a non-binding district court opinion and an unpublished one at that but a situation very much like the one in *Kearl*. In *Haynes*, as in *Kearl*, the plaintiff sought to expose her employer's violations of legal duties it owed the government. We do not question that it may be a violation of clearly expressed Colorado public policy to retaliate against an employee for opposing or seeking to expose a fraud or deception on the government, but Mr. DeFazio simply does not allege any such thing took place in this case. He says he complained to his employer about mold issues, but never suggests his employer sought to defraud or mislead any governmental entity in any way. Whether a plaintiff in his shoes could or could not make out such an allegation, we do not profess any answer. We take cases as they come, and in this one Mr. DeFazio simply does not make any of the allegations necessary to bring his case within the rule of *Kearl*.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

-6-