**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNY BENTON,

      Plaintiff - Appellant,

v.

TOWN OF SOUTH FORK; RANDY
HERRERA, Former Police Chief;
JAMES CHAVEZ, Current Police
Chief; SHARON FAIRCHILD, Acting
Town Manager and Clerk; TODD
WRIGHT, Former Town Manager;
LARRY HEERSINK, Former Mayor;
BILL MATTHEWS, Town Manager;
GROVER HAWTHORN, Trustee;
COLORADO STATE PATROL
DISPATCH ALAMOSA,
COLORADO; PAM STEWART,
Police Officer; JOHN CROSS;
SARAH COOK,

      Defendants - Appellees.

No. 14-1127
(D.C. No. 1:13-CV-02668-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Denny Benton is a former police officer who was forced to resign from

the Police Department for the Town of South Fork. In the amended complaint, he

---

[*]    This order and judgment does not constitute precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. R.
32.1(A).

alleges race discrimination, age discrimination, retaliation, legal malpractice, defamation, and failure to release records. The district court summarily dismissed the action.

Mr. Benton appeals and seeks leave to proceed in forma pauperis. We grant leave to proceed in forma pauperis. In the appeal, we affirm in part and remand in part. We affirm the dismissal on the claims involving race discrimination, age discrimination, and retaliation. The court failed to acknowledge state claims under the Colorado Anti-Discrimination Act and the Colorado Open Records Act. But, these claims were facially deficient; thus, any error in failing to address these claims would not have been prejudicial. We would be left with two state-law claims not discussed by the district court: legal malpractice and defamation. We remand for the district court to address these claims in the first instance.

**The Appeal**

## I.    Preliminary Review

On screening, the district court had to determine whether the amended complaint stated a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the district court could address Eleventh Amendment immunity even if the issue had not been raised. *See United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008).

Our review is de novo. *See Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009) (failure to state a valid claim); *Chamber of Commerce of United States*

2

*v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (Eleventh Amendment immunity).

## II.     The Police Department's Status

In the caption of the amended complaint, Mr. Benton includes the town's police department as a separate defendant.  Third Am. Compl. at 1.  But Mr. Benton twice omitted the police department when listing the defendants.  *Id.* at 2, 6.

The district court did not treat the police department as a separate party. Mr. Benton challenges this omission, arguing that the court should have considered the police department as a party.

Even if the court erred, the error would not have been prejudicial because the police department "is not a separate suable entity."  *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds*, *Tyus v. Martinez*, 475 U.S. 1138 (1986). Thus, even if the district court should have considered the police department a defendant, the error would not have mattered.  As a defendant, the police department would have been entitled to dismissal for failure to state a valid claim.

**III.    The Colorado State Patrol Dispatch**

The claims against the Colorado State Patrol Dispatch were summarily dismissed based on Eleventh Amendment immunity.

The dismissal was proper. The Patrol Dispatch is an arm of the state; as a result, the entity enjoys Eleventh Amendment immunity. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1171 (10th Cir. 2000) (holding that the Colorado State Board for Community Colleges and Occupational Education enjoys Eleventh Amendment immunity as an arm of the state). With immunity under the Eleventh Amendment, the Colorado State Patrol Dispatch was entitled to dismissal.

Mr. Benton complains that the Patrol Dispatch had not invoked the Eleventh Amendment. Pl.'s Opening Br. at 19-20. But, as discussed above, this issue can be raised sua sponte.

**IV.    The Claims**

**A.    Race Discrimination**

In the amended complaint, Mr. Benton alleges race discrimination. There are two potential sources for a race-discrimination claim: Title VII and the Colorado Anti-Discrimination Act.

**1.    Title VII**

We know that Mr. Benton intended to invoke Title VII, for he referred to this statute in the heading of the amended complaint. But he does not say who he is suing for the race discrimination.

4

We can fairly assume that Mr. Benton intended to sue the Town of South Fork for the race discrimination because:

- Title VII authorizes suit against an employer, and

- the town served as Mr. Benton's employer.

*See Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993).[1]

But Mr. Benton had already sued the town under Title VII—and the claim was dismissed with prejudice.  Final Judgment, *Benton v. Town of South Fork*, Case No. 12-cv-336-CMA-KMT (D. Colo. 2013), ECF 110.  This dismissal was affirmed on appeal. *Benton v. Town of South Fork*, 553 F. App'x 772 (10th Cir. 2014) (unpublished).

With affirmance of the dismissal with prejudice, Mr. Benton cannot refile the same action.  That, after all, is what the designation "with prejudice" means. *See Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004).

Mr. Benton argues on appeal that the court lacked jurisdiction in the prior action because he had not yet received a right-to-sue letter by the Equal Employment Opportunity Commission.

The district court had jurisdiction in the prior suit.  In challenging jurisdiction over that suit, Mr. Benton states that the EEOC issued a right-to-sue

---

[1]     In the amended complaint, Mr. Benton alleges that "Defendant is an employer within the meaning of Title VII."  Third Am. Compl. at 2.  But there are twelve defendants named in the amended complaint.  *Id.* at 1-2.

5

letter on July 1, 2013, and that by then, the prior action had already been dismissed. *See* Final Judgment, *Benton v. Town of South Fork*, Case No. 12-cv-336-CMA-KMT (D. Colo. 2013), ECF 110. But, he had filed the EEOC claim on July 18, 2011.[2] Once 180 days expired without a response, the district court acquired jurisdiction. *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1200 (10th Cir. 2003). Thus, the district court had jurisdiction in the prior suit even though the EEOC had not yet issued a right-to-sue letter.

But the town was not the only defendant on the Title VII claim. Mr. Benton also sued eight fellow employees of the town: Randy Herrera, James Chavez, Sharon Fairchild, Todd Wright, Larry Heersink, Bill Mathews, Grover Hawthorn, and Pam Stewart. None of these individuals functioned as the actual employer, for that role was carried out by the town. *See Haynes v. Williams*, 88 F.3d 898, 899, 901 (10th Cir. 1996). As a result, the district court properly dismissed the Title VII claims against the eight town employees.

Mr. Benton also argues that the eight employees are being sued (in part) in their official capacities. This argument has two shortcomings. First, there is nothing in the amended complaint to suggest official-capacity claims. Second, any official-capacity claims would have served as the equivalent of a claim against

---

[2]     He filed the claim with the Colorado Civil Rights Division, not the EEOC. But, the Colorado Civil Rights Division and the EEOC have a worksharing agreement. Under that agreement, the Colorado Civil Rights Division would have transmitted the document to the EEOC for filing. *See Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 813 (10th Cir. 2013).

their mutual employer: the Town of South Fork. *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) ("To the extent [the plaintiff] brings a claim against Beggs in his official capacity, it is the same as bringing a suit against the county."). And, as noted above, virtually identical claims against the town had already been dismissed with prejudice. Thus, Mr. Benton cannot renew these claims under the guise that he is asserting new official-capacity claims against the eight town employees.

## 2. Colorado Anti-Discrimination Act

The federal district court did not address a claim under the Colorado Anti-Discrimination Act. The omission was understandable, for Mr. Benton never mentioned this statute. But, we must liberally construe the amended complaint in light of Mr. Benton's pro se status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). And race discrimination is prohibited by the Colorado Anti-Discrimination Act (as well as by Title VII). *See* Colo. Rev. Stat. § 24-34-402(1)(a).

A race-discrimination claim under the Colorado law was plainly insufficient. Under the Colorado law, Mr. Benton had to plead facts suggesting circumstances that would have allowed a reasonable inference of race discrimination. *See George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1198 (Colo. 1997). But, Mr. Benton does not identify his race or suggest any facts that

7

would allow a reasonable inference of race discrimination. Thus, a race-discrimination claim under the Colorado law was facially insufficient.

### B.     Age Discrimination

Mr. Benton has also alleged age discrimination. There are two potential sources for a claim involving age discrimination: the Age Discrimination in Employment Act and the Colorado Anti-Discrimination Act.

### 1.     Age Discrimination in Employment Act

In the earlier suit, Mr. Benton invoked the Age Discrimination in Employment Act in the suit against the Town of South Fork. The claim was dismissed with prejudice, and the dismissal was affirmed on appeal. Final Judgment, *Benton v. Town of South Fork*, Case No. 12-cv-336-CMA-KMT (D. Colo. 2013), ECF 110; *Benton v. Town of South Fork*, 553 F. App'x 772, 778-83 (10th Cir. 2014) (unpublished). With affirmance of the dismissal with prejudice, Mr. Benton could not refile the same claim under the Age Discrimination in Employment Act. Thus, in the present action, the claim against the Town of South Fork was properly dismissed.

As noted above, eight other town employees are being sued. But, the Age Discrimination in Employment Act can only be asserted against the employer, which consisted of the town rather than the fellow employees. *See Butler v. Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that individual supervisors cannot incur liability under the Americans with Disabilities

Act, relying in part on cases interpreting the "employer" requirement in the Age Discrimination in Employment Act).

## 2. Colorado Anti-Discrimination Act

The federal district court addressed the claim under the Age Discrimination in Employment Act, but not the Colorado Anti-Discrimination Act. As discussed above in the context of the race-discrimination claim, omission of the Colorado claim was understandable because the Colorado law was never mentioned in the amended complaint. But, we must liberally construe the pro se complaint to encompass the state law claim, as well as the federal claim. *See George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1196 (Colo. App. 1997) ("[T]he federal counterpart to the Colorado Anti-Discrimination Act is the Age Discrimination in Employment Act of 1967.").

Though the district court did not address the state-law claim, it was facially invalid. A prima facie case would require circumstances allowing a reasonable inference of age discrimination. *See id.* at 1198. No such allegations appear in the amended complaint. Mr. Benton does not say how old he is or mention anything that would suggest adverse treatment based on his age.

In the amended complaint, he states only that he was told that a man his age should be looking for a different career. Third Am. Compl. at 3, 9. But, Mr. Benton does not say:

- whether this reference suggests youth or old age, or

9

- how this comment related to his termination.

This single allegation is not enough to state a claim on which relief can be granted under the Colorado Anti-Discrimination Act. *See Simms v. Oklahoma*, 165 F.3d 1321, 1330 (10th Cir. 1999), *abrogated in part on other grounds*, *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014). Thus, the district court's omission of the claim does not warrant reversal. Though the state-law cause of action should have been discussed, it would not have survived any meaningful scrutiny for failure to state a valid claim.

### C.    Retaliation

Mr. Benton alleges that the defendants retaliated against him because he had been sued by an arrestee. In the prior suit, the arrestee alleged that his civil rights had been violated by Mr. Benton (as a police officer for the town).

This allegation does not suggest a constitutional violation against Mr. Benton. A constitutional violation could take place, for example, if Mr. Benton had engaged in protected activity and suffered retaliation as a result. *See, e.g.*, *Cillo v. City of Greenwood Village*, 739 F.3d 451, 460-61 (10th Cir. 2013). But, Mr. Benton does not allege that he engaged in any activity protected by the constitution. He arrested someone, and that person claimed that his civil rights had been violated by Mr. Benton. In turn, Mr. Benton denies any wrongdoing and alleges that he was terminated because of criticism growing out of the suit. Third

10

Am. Compl. at 3-4. If this allegation is interpreted as a retaliation claim, it would be missing an essential element: retaliation for a protected activity.

The filing of lawsuits constitutes protected speech. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007). But here the lawsuit was filed against Mr. Benton, not by him. This scenario would not be actionable as retaliation for protected speech by Mr. Benton. As a result, the claim was properly dismissed.

### D.     Legal Malpractice

When Mr. Benton was sued, the town provided for a defense through its insurer. The insurer provided two attorneys at different times: John Cross and Sarah Cook. Mr. Benton complains about the quality of their work.

Our task is to identify the pertinent legal theory. The district court characterized the legal theory as one under 42 U.S.C. § 1983, then dismissed the claim because the attorneys were not state actors. This characterization is questionable. Criminal defendants have a constitutional right to effective assistance of counsel, but Mr. Benton was not a criminal defendant. He was a civil defendant. And civil defendants ordinarily have no constitutional right to effective assistance of counsel. *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006); *Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir. 1965).[3]

---

[3]     The only exception involves immigration cases. *See Nelson*, 446 F.3d at 1120.

11

If Mr. Benton had intended to assert a constitutional claim based on the attorneys' handling of the civil suit, dismissal would have been necessary. But we have little reason to characterize the claim this way. Mr. Benton did not suggest a constitutional claim, and a constitutional theory would not fit the allegation.

Mr. Benton's allegation more easily fits a cause of action for legal malpractice. But the district court did not expressly acknowledge the existence of a cause of action for legal malpractice. Though the omission was understandable, we conclude that the legal malpractice claim should have been discussed.[4] Accordingly, we remand for consideration of state-law claims against Mr. Cross and Ms. Cook for legal malpractice.

### E.    Defamation

Mr. Benton alleges defamation by Mr. Herrera, Mr. Chavez, Ms. Fairchild, and Mr. Wright.[5] Third Am. Compl. at 3, 7, 29, 31-32.

The district court did not discuss a defamation claim under state law. The omission was understandable in light of the length of the amended complaint and

---

[4]    Instead, the court stated that if Mr. Benton had intended a legal malpractice claim, he should have filed in state court because of the absence of diversity jurisdiction. Order of Dismissal at 13, *Benton v. Town of South Fork*, Case No. 12-cv-336-BNB (D. Colo. Mar. 6, 2014), ECF 15.

[5]    Mr. Benton asserted similar claims against Mr. Herrera and Mr. Chavez in the earlier suit. Third Am. Compl. at 29, *Benton v. Town of South Fork*, Case No. 12-cv-336-BNB (D. Colo. Apr. 27, 2012), ECF 9. But these claims were dismissed without prejudice. Order Adopting & Affirming February 12, 2013 Recommendation of United States Magistrate Judge at 13-14, *Benton v. Town of South Fork*, Case No. 12-cv-336-CMA-KMT (D. Colo. 2013), ECF 109.

12

the failure to identify the causes of action. But as discussed above, federal courts must liberally construe the amended complaint because Mr. Benton wrote the document pro se. Liberally construed, the amended complaint includes a defamation claim.[6]

We believe that the district court should consider this claim in the first instance. As a result, we remand for consideration of state-law claims for defamation against Mr. Herrera, Mr. Chavez, Ms. Fairchild, and Mr. Wright.

## F.    Equal Pay Act

In his appellate brief, Mr. Benton asserts claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1). This statute prohibits discriminatory pay based on gender. *See* 29 U.S.C. § 206(d)(1); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1363-64 (10th Cir. 1997). There is nothing in the amended complaint that would suggest less pay to Mr. Benton based on the fact that he was a male. As a result, we decline to reverse based on the existence of a claim under the Equal Pay Act.

## G.    Failure to Release Records

In the amended complaint, Mr. Benton complains about an inability to obtain his records from some of the defendants. Third Am. Compl. at 3, 27-28.

---

[6]    The district court apparently realized that Mr. Benton might have intended to assert a state-law claim of defamation. *See* Order of Dismissal at 8, *Benton v. Town of South Fork*, 1:3-cv-02668-LTB (D. Colo. Mar. 6, 2014), ECF 15 (noting an allegation of libel and slander, adding that "[i]t is not clear whether Plaintiff asserts these claims pursuant to state law only").

13

Mr. Benton does not identify a cause of action; but because he is pro se, we liberally construe the amended complaint to discern a relevant legal theory.

The only conceivable theory involves a violation of the Colorado Open Records Act, Colo. Rev. Stat. § 24-72-206. This theory was not acknowledged by the district court. But the omission was not prejudicial, for no private right of action exists under the Colorado Open Records Act. *McDonald v. Miller*, 945 F. Supp. 2d 1201, 1205 (D. Colo. 2013). As a result, we cannot fault the district court for failing to consider a meritless claim under the Act.

## V.    The Remaining Claims

Two state-law claims survive: defamation and legal malpractice. The federal district court held that it lacked jurisdiction over any state-law claims because diversity was lacking. But the court had the discretion to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(a).

If the district court had recognized the state-law claims of defamation and malpractice, we might have assumed that the district court declined to exercise supplemental jurisdiction. *See Summum v. Duchesne City*, 482 F.3d 1263, 1275 (10th Cir. 2007) (assuming that the district court declined supplemental jurisdiction over state-law claims), *vacated on other grounds*, 555 U.S. 1210 (2009); *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1155 n.6 (10th Cir. 2001) (assuming that the district court declined supplemental jurisdiction over the state-law claims). But the district court did not expressly

14

acknowledge the state-law claims of defamation and legal malpractice. We cannot assume that the court made a conscious decision on how to rule on claims that were not expressly acknowledged. *See Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999) (stating that when a state-law claim had not been discussed, the district court should have said if its failure to discuss the claim simply reflected a choice to decline supplemental jurisdiction). As a result, we must remand for the district court to address the state-law claims of defamation and legal malpractice.

## VI.    Disposition

We affirm the dismissal on the federal claims involving race discrimination, age discrimination, and retaliation. We note that the district court did not address the claims involving the Colorado Anti-Discrimination Act and the Colorado Open Records Act. These claims are facially deficient; thus, the district court's failure to consider these claims was not prejudicial. And, we reject Mr. Benton's new theory involving the Equal Pay Act. Nonetheless, we must remand for the district court to address the state-law claims involving defamation and legal malpractice.

### Remaining Defendants

The defendants remaining on the defamation claim are Mr. Herrera, Mr. Chavez, Ms. Fairchild, and Mr. Wright. The defendants remaining on the legal malpractice claim are Mr. Cross and Ms. Cook.

15

## In Forma Pauperis

Mr. Benton lacks enough money to pay the filing fee. Thus, we grant leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a).

Entered for the Court

Robert E. Bacharach
Circuit Judge